**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:19CV-P656-CRS**

**ARAMIS MURRAY**                                                          **PLAINTIFF**

**v.**

**ROBERT WARREN BECK**                                              **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Aramis Murray filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I. SUMMARY OF COMPLAINT**

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He sues Robert Warren Beck, whom he identifies as a Staff Attorney with the Department of Public Advocacy, in his individual and official capacities.

Plaintiff begins by stating that he has made "these unresolved issues known in Court proceedings from Nov. 2018-July 2019." He states that Defendant, his court-appointed attorney in his state-court criminal proceeding, "does not visit me to review discovery material, to overlook, study, or strategize defenses. He only comes to attempt to coerce me to sign over out of state documents, or to see me one day prior to Court to tell me not to speak in court." Plaintiff continues, "He has verbally said to me 'You have murdered a person' showing no faith in my innocence." He maintains that Defendant has refused to file motions that he has requested him to file. Plaintiff states he has given Defendant "proof [of ] lack of evidence" against him and that Defendant has failed to act on it. Plaintiff states, "Evidence proves innocence yet the dilatory process coerce duress of person. These inconsistencies show deep conflict of interest, breach of

trust, encroachment of intangible rights doctrine, and abuse of rights." He further states that he has informed the court and Defendant's supervisor of his wish to terminate Defendant as his counsel but that he has been ignored. He asserts, "This attorney lacks the ability to work as an independent lawyer for his client and is highly detrimental to my current and future life."

As relief, Plaintiff seeks punitive damages and injunctive relief in the form of "removal attorney and/or change, amended by rule of lenity."

## II.  LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

To state a claim under § 1983, "a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). It is firmly established that a defense attorney, regardless of whether he or she is a public defender or private attorney, does not act under color of state law for purposes of § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Therefore, Plaintiff fails to state a claim under § 1983 against Defendant.

Accordingly, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date:   December 20, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendant
4411.010